**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARSHA L. GENARO,

        Plaintiff,

vs.                                                  Case No.  3:04-cv-431-J-HTS

NEIL PERRY, SHERIFF, ST. JOHNS COUNTY; MICHAEL KEEGAN, DETECTIVE, ST. JOHNS COUNTY; and MICHAEL QUINTIERI, DETECTIVE, ST. JOHNS COUNTY, in their professional and individual capacities,

        Defendants.

                         **O R D E R**

    This cause is before the Court in accord with the Case Management Report (Doc. #22), filed March 14, 2005.  It is **ORDERED AND ADJUDGED** that in accordance with Chapter Nine of the Rules of the United States District Court for the Middle District of Florida (Local Rules):

    1)   **Referral to Mediation:**  This case is hereby referred to a mediation conference in an attempt to settle the issues equitably.  The parties shall select an appropriate mediator within ten (10) days from the date of this Order.  The parties shall, within the same period of time, file a notice advising the Court of the mediator chosen.

    2)   **Scheduling of Mediation Conference:**   The mediation conference may be conducted any time up to and including November 22, 2005.  Unless otherwise agreed upon by the parties, the

mediation conference is to be conducted in facilities at the United States Courthouse, Jacksonville, Florida.

    3) **General Rules Governing the Mediation Conference:** Although the mediation process is defined in greater detail in Chapter Nine of the Local Rules, the following additional guidelines are imposed upon the mediation process:

>   a) **Case Summaries:** Not later than **ten (10) days** prior to the scheduled mediation conference, each party shall mail (or transmit by facsimile) directly to the mediator and opposing counsel (or *pro se* party) a brief written summary of the facts and issues of the case. These summaries shall be treated as confidential communications and shall not be incorporated into the public records of this case.
>
>   b) **Identification of Corporate and/or Claims Representatives:** As part of the written case summaries, counsel for corporate parties and claims professionals shall state the name and general job description of the employee or agent of the corporation who will attend and participate on behalf of the corporate party. Such representative must have full authority to settle the case.
>
>   c) **Authority of the Mediator:** The mediator shall have authority to consult and conduct conferences and private conversations and caucuses with counsel, individual parties, corporate representatives, and claims professionals to suggest alternatives, analyze issues, question perceptions, use logic, stimulate negotiations, and keep order.
>
>   d) **Authority to Declare Impasse:** Although the average mediation conference takes between three (3) and five (5) hours, participants shall be prepared to spend as much time as necessary to settle the case, or until an impasse is declared by the mediator.

    e) **Mediator's Report:** Within five (5) days following the mediation conference, the mediator shall file with the Clerk of the Court a "Mediation Report" listing the date of the conference and its participants and describing the outcome.

 4) **Compensation of the Mediator:** The mediator shall be compensated at a reasonable hourly rate agreed to by the parties and the mediator. Unless otherwise agreed to by the parties, the cost of the mediator's compensation shall be borne equally by all parties and shall be payable immediately upon the conclusion of mediation.

 5) **Parties' Obligations:** The parties are urged to take full advantage of this opportunity to resolve amicably the issues herein. The mediation process shall not serve as a basis for any motion to continue the trial of the case. Should the mediation prove unsuccessful, the case shall remain on its present course for pretrial conference and trial. Plaintiff has an ongoing obligation to keep the mediator informed as to the appearance of any new parties.

 6) Not later than **ten (10) days** from the date of this Order, any party may file and serve written objections in regard thereto.

The absence of any such objection shall constitute acknowledgment of, and consent to, the terms of this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of May 2005.

        /s/       Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record
    and *pro se* parties, if any